UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY KEYTER—Lead Plaintiff (Retired Boeing Instructor Pilot); NEXT OF KIN of Deceased, Flight IX-812; INJURED PASSENGERS, Flight IX-812, | CASE NO. C13-982-RSM<br><br>ORDER ON MOTIONS |
| Plaintiffs, | |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Notice of Removal and Request for Summary Dismissal (Dkt. # 1); Plaintiff's "Motion for disqualification of judges" (Dkt. # 13); and Plaintiff's "Motion to Consolidate Cases" (Dkt. # 15). Defendant, the Boeing Company ("Boeing"), requests summary dismissal of *pro se* Plaintiff Anthony Keyter's putative class action complaint, which was originally filed in King County Superior Court and removed to this Court. Mr. Keyter filed a "Brief in Opposition to Removal and Dismissal." Dkt. # 11.

# II. ANALYSIS

As an initial matter, Mr. Keyter may not represent a putative class action as a *pro se* litigant. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661 (9th Cir. 2008). In addition, the Court notes that Mr. Keyter has filed numerous law suits in this District and others. On May 13, 2008, Mr. Keyter was barred from filing certain suits in this District. *See Keyter v. United States*, Case No. C08-5235-RBL (Dkt. # 13) (May 13, 2008 Order) (hereafter "Bar Order"). The Bar Order prohibited Plaintiff from filing any action "which arises from his previous divorce and plaintiff's resulting actions to remedy the alleged injustices." Dkt. # 1, p. 39. On August 3, 2009, the Court summarily dismissed three actions filed by Mr. Keyter, which named as defendants Air India, Ford Motor Company, and Boeing respectively. *Keyter v. Boeing*, Case No. C09-962-RAJ (Dkt. # 14). In that Order, the Court stated that because Mr. Keyter alleged that high-level government officials conspired with Boeing to kidnap and murder him to prevent him from disclosing alleged aviation safety violations, the actions were encompassed by the standing Bar Order. Dkt. # 1, p. 43.  The Court further stated that

> Plaintiff continues to abuse legal process just as he did in the cases that led to the bar order. In each case he has filed numerous motions and requests insisting that criminal activity is occurring, and asking the court to arrest various persons and appoint a prosecutor. . . . Even if Plaintiff's allegations were supported by credible evidence, the court would have no authority to award relief on his motions. This court does not institute criminal charges, does not appoint prosecutors, and does not effectuate arrests except in narrow circumstances not present in any of these cases. Plaintiff is either aware of this, or has willfully ignored prior orders advising him that neither private citizens nor federal courts are empowered to bring criminal charges, appoint prosecutors, or arrest persons who have not been charged or indicted. Thus, even if Plaintiff's allegations were not wholly implausible, this court could not award him the relief he seeks. The Bar Order makes clear that Plaintiff has already been warned about this type of abuse of process. Plaintiff's conduct in these cases makes clear that he has ignored the Bar Order.

1   *Id.* at p. 44.

2       Despite the Court's prior admonition, Plaintiff filed another complaint against Boeing in

3   Case No. C12-474-RSL. There, the Court found that "plaintiff's claims appear to be based on

4   wrongdoing that has nothing to do with his 2000 divorce proceeding," and it granted Mr. Keyter

5   leave to amend his complaint so that he may file a "single, concise, amended complaint," that

6   stated viable "whistleblower/retaliation or public policy claims." *Keyter v. Boeing*, C12-474-

7   RSL, Dkt. # 46, pp. 3-5. In response, Mr. Keyter filed a 170 page document that failed to comply

8   with the Court's Order. Dkt. # 55, p. 1. The Court then dismissed the action. *Id.*

9       In Mr. Keyter's instant class action complaint, he seeks, *inter alia*, criminal charges

10  against "Boeing officials and their co-conspirators in this case" for their "illegal suppression of

11  crucial flight safety warnings . . . ." Dkt. # 5, pp. 2-3. Plaintiff directs the Court to his "Dossier of

12  Crimes, Volume II, Chapters 1 and 42" from the case in which the Bar Order issued. *See* Dkt. #

13  11, p. 3. Defendants request summary dismissal of the action. Plaintiff filed a motion for recusal

14  and a motion to consolidate the case with the previously dismissed C12-474-RSL action. Each

15  motion is addressed in turn.

16  **A.  Defendant's Request for Summary Dismissal**

17      Boeing makes valid arguments supporting summary dismissal. However, given the

18  ambiguity surrounding which of Mr. Keyter's claims are subject to the Bar Order, the Court, in

19  an abundance of caution, declines to dismiss the case on that basis.

20  **B.  Plaintiff's Motion for Recusal**

21      Although LCR 3(e) ordinarily requires the challenged judge to refer a motion for recusal

22  to the chief judge, Mr. Ketyer's motion is frivolous and warrants flat denial. Mr. Keyter seeks to

23  disqualify all United States District Court Judges in the Western District of Washington, as well

24

1    as several from the Eastern District and Districts outside of Washington. Dkt. # 13, p. 3. As a

2    recusal of all is a recusal of none, the motion shall be denied.

3    **C.  Plaintiff's Motion to Consolidate**

4         The Court finds this motion frivolous as well. Mr. Keyter has provided no authority to

5    support consolidation of this action with one that has previously been dismissed. The motion

6    shall be denied.

7    **D.  Leave to Amend**

8         Plaintiff shall be granted leave to amend his complaint so that he may be afforded an

9    additional opportunity to plead a viable whistleblower or retaliation action. The claims shall be

10    made on his own behalf and not on behalf of a putative class of plaintiffs. The amended

11    complaint shall contain a single, concise statement of his claims setting forth the specific facts

12    giving rise to a plausible inference that the named defendant is liable to plaintiff for money

13    damages. Plaintiff shall file an amended complaint on or before September 13, 2013. Failure to

14    comply with this Order will result in dismissal of the action.

15    **III. CONCLUSION**

16         Having considered the motions and the entirety of the record, the Court hereby finds and

17    ORDERS:

18         (1) Defendant's Request for Summary Dismissal is DENIED;

19         (2) Plaintiff's Motions for Disqualification (Dkt. # 13) and to Consolidate (Dkt. # 15) are

20             DENIED;

21         (3) Plaintiff shall file an amended complaint consistent with this Order on or before

22             September 13, 2013;

23         //

24         //

ORDER ON MOTIONS - 4

(4) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of

record.

Dated this 16th day of August 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS - 5